UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                     Plaintiff,

          v.

KURT REDANCE,

                                     Defendant.
_____

                                                         DECISION AND ORDER

                                                         17-CR-6120L

        Defendant Kurt Redance ("Redance") previously filed a *pro se* motion (Dkt. #83) seeking release from custody early pursuant to 18 U.S.C. § 3582(c)(1)(A). Redance was and is serving an aggregate 60-month sentence that the Court imposed on January 17, 2019 for narcotics charges relating to conspiracy and distribution of methamphetamine.

        This Court denied Redance's motion in a Decision and Order (Dkt. #89) filed July 30, 2020. The Court denied the motion because Redance had failed to exhaust his administrative remedies and, on the merits because he had failed to demonstrate extraordinary and compelling reasons for early release.

        Defendant has now moved by letter-motion from counsel (Dkt. #90) and once again seeks release because of the COVID-19 pandemic. The motion asks this Court to reconsider its prior Decision. The Government filed a Response to counsel's motion (Dkt. #92). In addition, the Probation Office for the Western District of New York filed a Report concerning Redance's medical history and the conditions at FCI Allenwood Low, where Redance is now being housed. Plaintiff also submitted a letter (Dkt. #94) replying to the Government's Response.

Initially, it appears that the Government does not now dispute that Redance has taken steps to exhaust his administrative remedies. The Government, however, continues to assert that Redance has failed to demonstrate extraordinary and compelling reasons for his early release from the 60-month term imposed by the Court. The Government also suggests that under the sentencing factors under 18 U.S.C. § 3553(a), defendant's release is not warranted. I agree.

Redance's second motion for release and for reconsideration of this Court's prior Decision dismissing an earlier motion for release is in all respects denied. The Court is not convinced that the circumstances have significantly changed from the situation that existed when Redance filed his initial motion. That motion was denied by the Court only six months ago.

As reflected in the Court's original Decision, an inmate seeking release has the heavy burden of establishing extraordinary and compelling reasons to modify the sentence. The mere fact that a pandemic exists does not warrant automatically a release from a sentence imposed for serious criminal activity. As mentioned in the prior Decision, Redance is a young person, 30-31 years of age and is not at heightened risk because of his age. Redance continues to be designated at the lowest medical care level: Level 1. His release date is in late-November 2021 and he is eligible for a halfway house placement in a few months. Redance now lists several medical conditions which were not part of his initial application. He may be obese, but just barely and the Bureau of Prison records do not confirm that he suffers from high cholesterol or diabetes.

Defendant is confined to FCI Allenwood Low which, although not perfect, indicates infected inmates and staff are relatively low compared to other Allenwood facilities and there have been no inmate or staff deaths.

In addition, the Government suggests that the sentencing factors under Section 3553(a) weigh against release. I agree. Redance was involved in significant drug distribution in the Dansville, New

York area. He was given a reduced sentence because of his cooperation, in spite of the fact that he violated conditions of release numerous times while pending sentence. Ultimately, the Court revoked his release prior to imposing sentence.

Based on all of the above, the Court concludes that defendant Kurt Redance has failed for a second time to demonstrate extraordinary and compelling reasons for the Court to modify or reduce the original sentence imposed two years ago in January 2019. Therefore, the new motion requesting release and for this Court to reconsider its prior denial is denied.

## CONCLUSION

Defendant Kurt Redance's second motion (Dkt. #90) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and for this Court to reconsider its earlier denial of release is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 2, 2021.